Michael **NEEDLEMAN**, Appellant (Plaintiff Below),

v.

Susan H. **BOND**, Appellee (Defendant Below).

No. 22A01–8908–CV–00320.

Court of Appeals of Indiana, First District.

Jan. 11, 1990.

---

John M. Mayer, Jr., Hanger, Engebretson, Mayer & Vogt, Clarksville, for appellant.

ROBERTSON, Judge.

The plaintiff-appellant Needleman brought suit against the defendant-appellee Bond asserting that Bond had breached a lease agreement with an option to purchase certain real estate located in Jefferson County, Kentucky. Bond, a resident of Floyd County, Indiana, filed a motion to dismiss predicated upon a lack of subject matter jurisdiction and improper venue of the Floyd Circuit Court. The trial court granted the motion with this appeal ensuing.

The primary issue is whether the Indiana trial court has jurisdiction over the cause of action. The underlying argument is that the Indiana court does not have jurisdiction over the Kentucky lease.

The question is resolved by reference to the Civil Code Study Commission Comments as found at 4 W. HARVEY and R. TOWNSEND, (1st ed. 1971) *Indiana Practice* at p. 530 with respect to Indiana Trial Rule 75:

Under prior law questions of venue and jurisdiction often were mixed and problems overlapped to create confusion at the terrible expense of litigation which never went to the merits. Thus the requirement that actions relating to land must be brought in the county where the land was located—*i.e.*, in the case of local

actions—was sometimes held jurisdictional. Such actions relating to land in other states could not be brought in this state. This new rule eliminates these problems, and is intended to allow suits to be brought in any county and in any court, subject only to the right to transfer to the proper court or county as provided in this rule. (Citations omitted.)

We must conclude, therefore, that the trial court has venue pursuant to T.R. 75(A)(1), the county of the defendant's residence, and that the Floyd Circuit Court is a court of general jurisdiction, IND.CODE 33-4-4-3, and has subject matter jurisdictioin.

Judgment reversed.

RATLIFF, C.J., concurs with separate opinion.

GARRARD, P.J., concurs in result.

RATLIFF, Chief Judge, concurring.

Because this action seeks damages for breach of the lease involved brought against an Indiana resident in an Indiana court, and does not seek a determination of title to Kentucky real estate, I concur. Bond resided in Floyd County, and, in the context of this action, both jurisdiction and venue rested in the Floyd Circuit Court.